UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL P. O'BANION, et al.,<br><br>               Plaintiffs,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICES, INC., et al.,<br><br>               Defendants. | Case No. 1:09-CV-00249-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

On August 13, 2010, Chief United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. (Dkt. No. 50.) Pursuant to 28 U.S.C. § 636(b)(1), the parties had opportunity to file written objections. Plaintiffs Michael P. O'Banion and Patricia R. Bradley ("Plaintiffs") filed objection, (Dkt. No. 54.), as did Defendants Litton Loan Servicing LP ("LLS") and Mortgage Electronic Registration Systems, Inc. ("MERS")[1], (Dkt. No. 53.) Additionally, LLS, MERS, and Defendant

---

[1] Defendants Select Portfolio Servicing, Inc. ("SPS") and MERS filed a "Notice of Non-Opposition and Joinder Re: Defendants LLS and MERS Objection to Report and Recommendation," in which they join and reiterate LLS and MERS's objections. (Dkt. No. 56.)

Select Portfolio Servicing, Inc. ("SPS")[2] filed responses to Plaintiffs' objection. (Dkt. Nos. 55, 57.)

The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, the Court "shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.* In *United States v. Reyna-Tapia*, the Ninth Circuit interpreted the requirements of 28 U.S.C. § 636(b)(1):

> The statute [28 U.S.C. § 636(b)(1)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. . . . [T]o the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties. Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct

*United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (citations, internal quotation marks, and emphasis omitted); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (discussing a magistrate's authority to issue recommended findings and conclusions and the constitutional implications of a district judge reviewing and adopting those recommendations).

Based on Judge Dale's report and the Court's de novo review of the objections and responses, the Court will adopt Judge Dale's recommendation.

---

[2] For purposes of this order, "Defendants" refers to LLS, MERS, and SPS. However, this litigation involves several other defendants not directly affected by this motion and ruling.

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

# BACKGROUND

The Court adopts the factual background set forth in the Report and Recommendation:

> Plaintiffs Michael O'Banion and Patricia Bradley ("Plaintiffs") filed this lawsuit against Defendants Select Portfolio Services, Inc. ("SPS"), Litton Loan Servicing, LP ("LLS"), Just Law, Inc. ("JL"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Discover Lending Group ("DLG"), and Ownit Mortgage Solutions, Inc. ("OM") on May 22, 2009. The Complaint includes several causes of action, all based upon a contract for a 'refinance mortgage loan on their residential real property' that the Plaintiffs entered into on July 7, 2006.
>
> Prior to consummation of the loan transaction, Plaintiffs allegedly met in person with a broker, Defendant [DLG], to discuss the terms of their desired loan. Allegedly, Plaintiffs expressly advised DLG that they wanted a conventional loan program with payments in accordance with their financial abilities. DLG later advised Plaintiffs that it had located a loan program, allegedly leading Plaintiffs to believe that they were being placed into a 'conventional, fixed rate loan which they could afford to repay, based on their income, assets, and other information provided to Defendant DLG.' Instead, Plaintiffs claim they were tricked into signing a contract for a 'high cost' or 'Adjustable Rate Balloon Loan' – what Plaintiffs refer to as a 'bait and switch' scheme.
>
> Plaintiffs also contend that, during the application and loan consummation process, Defendants DLG, OM, and LLS violated the Truth in Lending Act ("TILA") by intentionally failing to provide early disclosures regarding the loan terms as well as providing inaccurate or incomplete disclosures regarding the loan terms at the time of closing to induce Plaintiffs to enter into the 'high cost' loan transaction. With respect to all other Defendants, Plaintiffs allege that they are liable for these TILA violations and the alleged fraud because they played some role or otherwise took part in Plaintiffs' loan and had knowledge of the defective disclosures because they are 'evident on the face of the documents.'
>
> As a result of the alleged 'bait and switch' scheme, Plaintiffs claim they were forced into a 'second loan program' and were subjected to 'a calculated and predetermined, manufactured default by defendants resulting

> in foreclosure proceedings instituted by Defendants SPS, MERS, JL on behalf of OM.' Defendants SPS, MERS, and LLS filed motions to dismiss regarding the majority of the claims included in the Complaint. . . .

(Report and Recommendations at 2-3 (citations omitted).)

## DISCUSSION

Judge Dale recommended that Defendants' motions to dismiss be granted with respect to Plaintiffs' Counts I, II, III, IV, and VI and denied with respect to Count V. (Report and Recommendation at 20.) Judge Dale also recommended the Court grant Plaintiffs leave to amend their complaint to cure the deficiencies identified in her report. (*Id.*)

**1. The Parties' Objections.**

Plaintiffs object to dismissal of Counts I, II, III, IV, and VI. Yet Plaintiffs offer little support for why those claims are pleaded sufficiently. Although, Plaintiffs' objection does include numerous new exhibits that purportedly ameliorate their pleadings. (Plaintiffs' Objection *passim*.) As Defendants point out, however, the Court should not consider Plaintiffs' proffered exhibits at this point. (LLS and MERS Response to Plaintiffs' Objection to Report and Recommendation at 2 (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007), Dkt. No. 55.) Indeed, Plaintiffs' exhibits and the substance of Plaintiffs' objection are more appropriate for an amended complaint.

Defendants object to Judge Dale's recommendation not to dismiss Count V (Defendants LLS and MERS Objection to Report and Recommendation at 2, Dkt. No. 53; Notice of Non-Opposition and Joinder Re: Defendant LLS and MERS Objection to

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**

Report and Recommendation, Dkt. No. 56.)  Defendants also object to Judge Dale's recommendation to grant Plaintiffs leave to amend their complaint.  (*Id.*)

The crux of Defendants' objection is that Judge Dale applied the incorrect standard when she decided whether Plaintiffs' claims are sufficient to survive a Rule 12(b)(6) motion—this, despite Judge Dale's recommendation that five of the six claims be dismissed.  (LLS and MERS Objection at 2-4.)  "[O]f greater concern to [Defendants,]" however, "is Judge Dale's suggestion that Plaintiffs be afforded an opportunity to cure the deficiencies of their complaint by an amendment."  (*Id.* at 4.)  Defendants contend the Court should dismiss each of Plaintiffs' claims with prejudice.  (*Id.*)

The Court is not swayed by Plaintiffs' objection because it offers little that appropriately responds to Judge Dale's report.  Rather, the Court has determined that Plaintiffs "objections" should be submitted in an amended complaint.  The Court is also unmoved by Defendants' objection but, because it substantively disagrees with Judge Dale's report, the Court will address Defendants' arguments.

## 2. Defendants' Objection to Sufficiency of Pleading and Count V.

Defendants take issue with the standard Judge Dale used to determine whether Plaintiffs' claims should survive the motion to dismiss.  (LLS and MERS Objection at 3.)  Defendants "request that in reviewing Plaintiffs' complaint and Judge Dale's report, this Court accept as true only those allegations in the complaint which are grounded in fact."  (*Id.*)  Defendants presumably are concerned with the Court's review of Count V, an unjust enrichment claim, which is the only claim that Judge Dale recommended survive.

The federal rules require a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a motion to dismiss, a complaint must allege enough factual matter, presumed true, to support a plausible claim for relief. *Id.* A complaint meets this "facial plausibility" requirement when the well-pleaded facts allow a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court can only surmise the *possibility* of misconduct from the complaint, then the plaintiff "has not shown" that he or she "is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted).

Judge Dale applied this standard and this Court finds it to be appropriate. Further, this Court agrees with Judge Dale's application of the standard to the case at hand and finds her conclusions are consistent with the Court's review of this matter. Here, for Count V to survive, Plaintiffs' complaint must allege facts plausibly showing Defendants were unjustly enriched. In other words, the Court must determine whether Plaintiffs' complaint contains "any factual allegation sufficient to plausibly suggest" Defendants' unjust enrichment. *Id.* at 1952.

As Judge Dale wrote, Plaintiffs must prove the following to prevail on their unjust enrichment claim: "(1) a benefit conferred upon defendant by plaintiff; (2) appreciation by the defendant of the benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof." (Report and Recommendation at 17 (citing *Aberdeen-Springfield Canal Co. v. Peiper*, 133 Idaho 82, 88 (1999) (citations omitted)).

After reviewing Plaintiffs' complaint, the Court finds well-pleaded facts to support a finding that plausibly suggests Plaintiffs are entitled to relief on the unjust enrichment claim. Plaintiffs allege a benefit conferred on, and appreciated by, Defendants in the form of a loan assignment, loan servicing payments, foreclosure service payments, and other monies. (Complaint ¶¶ 10, 59, 67, 117, Dkt. 1.) Further, Plaintiffs allege that Defendants' tactics in acquiring their property interest or payments was inequitable under the circumstances and therefore warrants repayment. (*Id.*)

To be sure, Plaintiffs must ultimately prove the alleged circumstances under which Defendants received any property interest or payments was, indeed, inequitable—*e.g.*, through fraudulent means. Nevertheless, the Court finds the complaint well-pleaded as to Count V. Moreover, because the Court will grant Plaintiffs leave to amend their complaint (for reasons discussed below) to refine their fraud claims, the Court will deny Defendants' Motion to Dismiss Count V.

**3. Defendants' Objection to Dismissing Claims with Leave to Amend Complaint.**

Defendants disagree that *pro se* pleadings are held to a lesser standard than pleadings submitted by counsel. (LLS and MERS Objection at 4.) Defendants also attack the case law that Judge Dale cited in support of her recommendation to grant leave to Plaintiffs to amend their pleadings. (*Id.*) Specifically, Defendants maintain "the case law upon which Judge Dale relies . . . has been superseded by statute and can be factually distinguished." (*Id.*)

Judge Dale's report cites *Stewart v. Mortgage Electronic Systems Inc.*, 2010 WL 105382 (D. Or. 2010), which in turn cites *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). (Report and Recommendation at 4.) As Defendants note, *Noll* enumerated five procedural protections afforded to *pro se* prisoner-litigant seeking to proceed *in forma pauperis*. (LLS and MERS Objection at 4-5.) Defendants urge the Court to distinguish this case from *Noll* because Plaintiffs are not *pro se* prisoner-litigants. (LLS and MERS Objection at 5.) Alternatively, Defendants argue that even if *Noll's pro se* procedural protections apply to Plaintiffs, that case was superseded by the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915 *et seq.*, and is therefore inapposite. (*Id.*)

It is true, as Defendants contend, that the PLRA "called into question" the procedures required by *Noll*. (LLS and MERS Objection at 5.) *See Lopez v. Smith*, 160 F.3d 567, 570 (9th Cir. 1998) (discussing Ninth Circuit case law prescribing procedural protections for *pro se* litigants before and after the PRLA). However, in its *en banc* decision *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), the Ninth Circuit

answered the question of whether a court may, as outlined in *Noll*, grant *pro se* litigants leave to amend a complaint.

The *Lopez* rehearing squarely addressed the PRLA's effect on motions to dismiss, determining the PRLA does not impact a court's authority to grant leave to amend pleadings:

> [S]ection 1915(e) [of the PRLA] not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.
>
> However, it is not clear that section 1915(e) precludes a district court from dismissing a complaint *with* leave to amend. The statutory language says only that a court 'shall dismiss' a complaint. It does not say that such a dismissal must be without leave to amend. Indeed, one can only reach the conclusion by reading the phrase 'shall dismiss' as 'shall dismiss without leave to amend.' *But nothing in the statute requires us to read the language in a way that would deprive the district courts of their traditional discretion to grant leave to amend.*"

*Id.* at 1127 (second emphasis added). Thus, Defendants mischaracterize the import of the PLRA in this case and mistakenly discount *Noll's* relevance here.

Furthermore, the Ninth Circuit's rationale in *Lopez* extends beyond *pro se* prisoner-litigants. *See id.* In reaching its decision in *Lopez*, the Ninth Circuit relied on the general and long-standing rule that district courts should freely grant leave to amend dismissed pleadings:

> [I]n a line of cases stretching back nearly 50 years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'

**ORDER ADOPTING REPORT AND RECOMMENDATION - 9**

*Id.* (citations omitted). Moreover, *Lopez* quoted *Noll* to reiterate the importance of distinguishing *pro se* litigants:

> We have noted frequently that the 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'

*Lopez*, 203 F.3d at 1131 (quoting *Noll*, 809 F.2d at 1448).

Here, Plaintiffs are not prisoner-litigants. Nevertheless, they are *pro se* and thus are afforded a reasonable amount of latitude in reviewing their pleadings. It therefore follows that the Court should proceed cautiously; it should not slam the courthouse door before Plaintiffs can be heard.

Furthermore, the Court has broad discretion to grant *any* party leave to amend pleadings and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has expressly directed courts to heed this mandate. *Forman v. Davis*, 371 U.S. 178, 182 (1962). When "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

That being said, Plaintiffs here are "not relieve[d] altogether [from] the burden . . . to draft a well-plead complaint," nor do they have an "automatic right to amend their pleadings." (LLS and MERS Objection at 4, 5). Judge Dale did not suggest as much in her report and the Court does not take that position now. However, the Court is within its discretion to grant Plaintiffs leave to amend. Thus, because the Court does not find it

impossible for Plaintiffs to cure their pleadings by alleging other facts, the Court will grant them leave to amend their complaint.

## CONCLUSION

Based on the foregoing, the Court will grant in part and deny in part Defendants' motions to dismiss. The Court will, however, grant Plaintiffs leave to file an amended complaint to cure deficiencies identified here and in Judge Dale's report.

## ORDER

Because the Court finds the Report and Recommendation of Chief Magistrate Judge Dale well founded in law, the Court hereby accepts it in its entirety, and adopts as its own, the findings made by Chief Magistrate Judge Dale. Acting on the recommendation of Chief Magistrate Judge Dale, and the Court being fully advised in the premises,

**IT IS ORDERED:**

1. The Motion to Dismiss by Defendants Select Portfolio Services, Inc. and Mortgage Electronic Registration Systems, Inc. (Dkt. No. 28) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to Counts I, II, III, IV and VI; it is **DENIED** with respect to Count V.

2. The Motion to Dismiss by Defendants Litton Loan Servicing, Inc. and Mortgage Electronic Registration Systems, Inc. (Dkt. No. 45) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** with respect to Counts I, II, III, IV and VI; it is **DENIED** with respect to Count V.

3. Plaintiffs are **GRANTED LEAVE** to file an amended complaint to cure deficiencies identified in the foregoing and in the Report and Recommendation, (Dkt. No. 50.).

DATED: **September 23, 2010**

Honorable Edward J. Lodge
U. S. District Judge