UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL P. O'BANION and<br>PATRICIA R. BRADLEY,<br><br>              Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICES,<br>INC.; LITTON LOAN SERVICING LP;<br>JUST LAW, INC.; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; DISCOVER<br>LENDING GROUP; OWNIT<br>MORTGAGE SOLUTIONS, INC.,<br><br>              Defendant. | Case No. 1:09-cv-00249-EJL-CWD<br><br>**MEMORANDUM DECISION AND<br>ORDER RE:**<br><br>**Docket No. 95**<br>**Docket No. 119**<br>**Docket No. 120**<br>**Docket No. 123**<br>**Docket No. 124**<br>**Docket No. 125**<br>**Docket No. 126**<br>**Docket No. 129** |

## INTRODUCTION

Before the Court are eight pending motions filed by pro se Plaintiffs Patricia

Bradley and Michael O'Banion.[1] Upon review, the Court finds that the facts and legal

arguments are adequately presented in the briefs and record without the need for

additional briefing. Accordingly, in the interest of avoiding further delay, and because the

---

[1] A ninth motion is pending as well, filed by Defendant Select Portfolio Service, Inc. on October 31, 2011. However, it is not ripe yet for the Court's consideration.

**MEMORANDUM DECISION AND ORDER - 1**

Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

## BACKGROUND

Over two years ago, on May 22, 2009, Plaintiffs Michael O'Banion and Patricia Bradley filed this lawsuit against Defendants Select Portfolio Services, Inc. ("Select") Litton Loan Servicing, LP ("Litton") Just Law, Inc. ("Just Law") Mortgage Electronic Registration Systems, Inc. ("MERS"), Discover Lending Group ("Discover") and Ownit Mortgage Solutions, Inc. ("Ownit"). The thirty-nine page Complaint included six causes of action, all based upon a contract for a "refinance mortgage loan on their residential real property" that the Plaintiffs entered into on July 7, 2006. (Compl. ¶ 35, Dkt. 1.)

On October 14, 2009, and January 13, 2010, Defendants Select, MERS, and Litton filed motions to dismiss the Complaint. (Dkt. 28, 45.) The Court issued its Report and Recommendation on August 13, 2010, recommending that the motions be granted in part and denied in part. The Report and Recommendation was adopted in its entirety by District Judge Edward J. Lodge on September 23, 2010, after both sides filed objections. The Court's order allowed Plaintiffs time to file an amended complaint to cure the deficiencies it found. Specifically, the Court's Order stated: (1) Count one alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") was dismissed to the extent the Complaint could be interpreted to assert a claim against Select or MERS. The claim against Just Law remained; (2) Count two alleging violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602(f) against Ownit, Litton, and

Select was dismissed with respect to Litton. With respect to Plaintiffs' claim for damages under TILA, the Court found that the statute of limitations bared Plaintiffs' claims unless Plaintiffs asserted facts in their Complaint to support a claim for equitable tolling.[2] With respect to Plaintiffs' claim for rescission under TILA, the Court dismissed Plaintiffs' claim for rescission unless Plaintiffs alleged an ability to tender payment in full of their loan; (3) Count three alleging that Defendants aided and abetted fraud was dismissed because Plaintiffs had not correctly plead fraud under Fed. R. Civ. P. 9(b); (4) Count four alleging fraudulent misrepresentation against all Defendants was dismissed because it, too, lacked the specificity required by Fed. R. Civ. P. 9(b); (5) Count five alleging unjust enrichment against all Defendants was adequately plead, and therefore, the motion to dismiss Count five was denied; and (6) Count six, alleging civil conspiracy, was dismissed because it also did not rise to the heightened pleading standards since it failed to include allegations regarding how any alleged agreement or conspiracy came about or when it was created.

After granting one extension, the Court gave Plaintiffs until November 19, 2010, to file an amended complaint. Plaintiffs timely filed their Amended Complaint on November 19, 2010. (Dkt. 63.) Plaintiffs Amended Complaint alleged violation of TILA against Ownit, Discovery, and Select; "misrepresentation and concealment and fraud in the factum" against Discover and Ownit; "abuse of process and fradulent [sic] misrepresentation" against Select and Just Law; unlawful default and unlawful

---

[2]  The Court explained that, based upon the execution of the loan on July 7, 2006, July 7, 2007, was the deadline for commencing a TILA damages action. Plaintiffs filed their Complaint on May 22, 2009, almost two years after the deadline had expired.

foreclosure against Just Law and Select; unlawful default and unlawful foreclosure and fraudulent misrepresentation against MERS, Select, and Just Law; and unjust enrichment against all Defendants except MERS. Thus, Plaintiffs no longer alleged violation of the FDCPA, but they also added three claims for "misrepresentation, concealment and fraud in the factum," abuse of process, and "unlawful default, unlawful foreclosure." Defendants filed timely answers to the Amended Complaint. (Dkt. 64, 65, 66, 74.)

Plaintiffs filed motions for joinder, default, for a more definite statement, and to strike, while Defendant Select filed a motion requesting a scheduling and planning conference. With the exception of Select's motion, all of Plaintiffs' motions were denied. (Dkt. 90, 100, 101.) After a telephonic hearing, the Court issued its Case Management Order on June 8, 2011. (Dkt. 103.) In its order, the Court required the parties to schedule a Voluntary Case Management Conference with Magistrate Judge Larry M. Boyle, to occur by August 1, 2011. The Court believed the parties would benefit from a VCMC, which is designed to encourage the parties to meet informally and "identify areas of agreement, clarify and focus the issues, and encourage the parties to enter procedural and substantive stipulations." Dist. Idaho Loc. Civ. R. 16.1(A)(1). The goals of the conference are to: (1) assist in the reduction of expense and delay; and (2) enhance direct communication between the parties about their claims. (*Id.*)

In addition to the VCMC deadline, the Court established the following additional deadlines: (1) August 31, 2011, for joinder of parties and amendment of pleadings; (2) October 31, 2011, completion of factual discovery and expert witness discovery; (3) December 31, 2011, for filing dispositive pretrial motions; (4) September 9, 2011, for

submission of an ADR Plan;[3] and (5) July 24, 2012, for the commencement of a four day jury trial.

Judge Boyle held a VCMC Conference, at which Plaintiffs were represented by counsel appearing both pro bono and for the limited purpose of assisting Plaintiffs, on August 12, 2011.[4] According to the minute order, the parties agreed on informal discovery, and adjourned. (Dkt. 113.) Thereafter, Plaintiffs filed a motion on August 19, 2011, both seeking to file a second amended complaint, and thirty days within which to do so, considering the deadline set by the Court was August 31, 2011. (Dkt. 116.) In their motion, Plaintiffs represented that:

> The VCMC and the temporary appointment of Pro Bono Counsel, has been extremely important and helpful to the Plaintiffs, in understanding important issues of law and procedure; Consequently, the enlargement of time, if granted by the Court, will allow the Plaintiffs to continue to 1.) correct deficiencies in this instant case; 2.) dismiss Defendants that no longer need to be involved; 3.) offer a reconsideration for mediation and or settlement; and in the alternative introduce defendants that need to be present to defend and explain their interests as to this instant case.

Plaintiffs further represented that Litton, MERS, and Ownit did not oppose the filing of a second amended complaint.

Considering the purpose of a VCMC is to encourage resolution and consolidation of complex issues, the Court found good cause existed and granted Plaintiffs' request to enlarge the period of time to file a second amended complaint. The Court allowed Plaintiffs until Friday, September 30, 2011, within which to file one. (Dkt. 118.) Plaintiffs did not file anything until Monday, October 3, 2011, attaching their proposed

---

[3] None of the parties submitted an ADR Plan by the September 9, 2011 deadline.
[4] The Court's Alternative Dispute Resolution Coordinator assisted Plaintiffs with finding pro bono representation.

Second Amended Complaint to a Motion for Extension of Time to File. (Dkt. 120.) The

Motion for Extension sought an additional three days after the deadline, because

"Plaintiffs were late and unable to meet the 5 p.m. closing time of the Federal Building"

on Friday, September 30, 2011.

On October 5, 2011, Select filed an opposition to the Motion for Extension

arguing the extension request should be denied, because: (1) Plaintiffs were previously

granted an extension of time; (2) Plaintiffs did not demonstrate excusable neglect; (3) no

leave was granted to Plaintiffs to add or join additional parties; and (4) prejudice existed

considering the discovery deadline of October 31, 2011, was less than thirty days away,

and the litigation had already become protracted. Plaintiffs responded that Defendants

were being less than cooperative during discovery, and therefore any prejudice was of

their own doing. Relying upon their pro se status, Plaintiffs argued that a three day delay

was inconsequential considering they were unable to file their documents by the close of

business on Friday.[5]

The proposed Second Amended Complaint attached to the Motion for Extension is

ninety-two pages long, purports to add "U.S. Bank National Association, as Trustee, on

Behalf of the Holders of the Credit Suisse First Boston Mortgage Securities Corp.,"

"Home Equity Pass Through Certificates, Series 2007-1," and LeeAnn Clark as "owner,

President and CEO of Discover Lending Group, fka, Discover Mortgage Company," as

well as LeeAnn Clark as an individual, as new defendants to this litigation. The proposed

---

[5] The Clerk's Office stamped the original document as received at 5:03 p.m. on Monday, October 3, 2011.

Second Amended Complaint also contains "MERSCORP" in addition to MERS as a named party in the caption.

The proposed pleading seeks to significantly alter the claims as plead in both the Complaint and First Amended Complaint. For instance, count one alleging TILA violations is asserted against Ownit, Discover, CSMC Mortgage Backed Trust Series 2007-1, and Select. Count two is for "misrepresentation and concealment and fraud in the factum," and is asserted against Discover, LeeAnn Clark, and Ownit. Count three is for "invalid enforceable endorsement, note and assignment defendant trust is without status as holder in due course and is without standing to foreclose," asserted against U.S. Bank and Home Equity Pass Through Certificates. Count four asserts a claim for "abuse of process; fraudulent [sic] misrepresentation; intentional interference" against Select and as agent for CSMC Series 2007-1 Trust, and against Just Law. Count five is for "unlawful default; fraudulent misrepresentation and intentional malfeasonance [sic]" against MERS, Select, Just Law, and CSMC Trust. The final count, Count six, is for unjust enrichment, asserted against all Defendants except MERS. The proposed Second Amended Complaint was accompanied by two compact discs as well as a voluminous paper exhibit from the Securities and Exchange Commission.

In addition to the pending Motion for Extension of Time, Plaintiffs have filed four motions to compel (Dkt. 119, 123, 125, and 126), a "Motion for Amendment," (Dkt. 123), seeking to allow them to add the additional named parties identified in the proposed Second Amended Complaint, and a motion for entry of default against Discover (Dkt. 95). The Court will first address the Motion for Extension and Motion for Amendment;

next the discovery motions; and finally the motion for default. Additional facts relevant to the motions are contained in the discussion below.

## DISPOSITION

**1      Motion for Extension and Motion for Amendment (Dkt. 120, 123, 129)**

Plaintiffs' motions invoke the interplay between Fed. R. Civ. P. 6(b), 15, and 16. The motions seek both to enlarge the time set by the Court's order within which to file their proposed Second Amended Complaint, to amend their complaint further by adding parties, new claims, and "more precise information" involving claims upon current Defendants, and finally proposes to amend the current case management order so that they may proceed with the claims in the proposed Second Amended Complaint.

Fed. R. Civ. P. 15 permits amendment of the pleadings before trial, during trial, and after trial. Because Plaintiffs seek to add new parties and new claims at this juncture, Rule 15 applies. However, the time frame for application of Rule 15(a) has expired, and therefore Rule 15(a)(2) applies. Rule 15(a)(2) permits a party to amend its pleadings prior to trial with leave of the court, and the court "should freely give leave when justice so requires." *See Bonin v. Calderon*, 59 F.3d 815 (9th Cir.1995). The Ninth Circuit has stated that in assessing the propriety of a motion to amend, it will consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the [party] has previously amended his [pleadings]." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004). Futility alone can be enough to deny a motion for leave to amend. *Id*. In *Bonin v. Calderon*, the Ninth Circuit found the "proffered amendments would be nothing more than an exercise in futility." 59 F.3d 815,

845 (9th Cir.1995). That court also noted that the district court did not abuse its discretion in denying the motion to amend because the moving party presented "no new facts but only new theories and provide[d] no satisfactory explanation for his failure to fully develop his contentions originally." *Id*.

However, once a scheduling order has been entered pursuant to Fed.R.Civ.P. 16(b), the more restrictive provision of that rule requiring a showing of "good cause" for failing to amend prior to the deadline in the scheduling order applies. *Robinson v. Twin Falls Highway Dist.*, 233 F.R.D. 670, 672 (D. Idaho 2006) (citing *Coleman v. Quaker Oats*, 232 F.3d 1271, 1272 (9th Cir.2000)). *See also Amerisourcebergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 952 (9th Cir.2006) (noting that Rule 16 applies to motions to amend pleadings that are filed after the time period set in the court's scheduling order) (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604 (9th Cir.1992)). The relevant inquiry under Rule 16(b) is the diligence of the party seeking the amendment and not any potential prejudice to the opposing party. *Robinson*, 233 F.R.D. at 672. Nevertheless, prejudice to the opposing party can be an additional reason to deny a motion to amend. *Id*. If an amendment "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." *Amerisourcebergen Corp.*, 465 F.3d at 954 n. 10 (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed.1990)).

Having filed both their proposed Second Amended Complaint and their motion to amend to add new parties and claims after the expiration of the Court's September 30th

deadline, Plaintiffs are bound by the standard articulated in Rule 16, not the more lenient standard of Rule 15. But the inquiry in this case does not end with application of Rule 16. Under Rule 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Not only did Plaintiffs file their proposed Second Amended Complaint after the deadline expired, Plaintiffs did not file a motion seeking to extend the deadline until after the time for doing so had expired. Therefore, Rule 6 and the excusable neglect standard apply.

Whether neglect is excusable requires consideration of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir.2001) (citing *Pioneer Inv. Services Co. v. Brunswick Assoc. P'ship*, 507 U.S. 380, 395 (1993).

The Court appreciates that Plaintiffs are proceeding pro se and that they likely had no ill intentions. And while the Court is mindful that a pro se litigant's pleadings, "however inartfully pleaded," are held to less stringent standards, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the same is not true when it comes to application of the rules governing procedure. Pro se litigants are held to the same procedural rules as counseled litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Ignorance of unambiguous procedural rules alone does not constitute excusable neglect. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994).

In this case, there can be no ambiguity in a date certain for filing an amended complaint. The Court specifically ordered Plaintiffs, after granting one lengthy extension, to file their second amended complaint no later than Friday, September 30, 2011. Plaintiffs have not offered any reason other than they "missed" the Courthouse's five o'clock closing time.[6] There was nothing inherently confusing about the Court's order. And Plaintiffs do not indicate there was inadvertence, or some other excuse, that rendered them incapable of timely filing their proposed Second Amended Complaint. When compared to *Kyle*, which denied attorneys an extra three days for filing a brief because of a mistake in interpreting the rule governing service, Plaintiffs' proffered reason for the late filing fails to pass muster. In *Kyle,* the Ninth Circuit Court of Appeals held that an attorney's late filing of his motion for attorney fees by three days, and his excuse that he misunderstood the application of Rule 6(e) regarding time limits for service, did not constitute excusable neglect. The court reversed the district court's order granting the time enlargement, and thereby vacated the trial court's award of attorney fees. The court held that a mistake in interpreting and applying an unambiguous rule was not excusable. *Kyle*, 28 F.3d at 931. In contrast, Plaintiffs have proffered no reason other than they were simply late. Plaintiffs' reason does not constitute excusable neglect so as to permit the late filed proposed Second Amended Complaint.

---

[6] The Court notes that the proposed Second Amended Complaint was not stamped as received by the Clerk until 5:03 p.m. on the following Monday.

Select argues also that the enlargement of time proposed to file the second amended complaint prevents compliance with the Court's October 31, 2011,[7] discovery deadline, because the parties no longer have the requisite thirty days granted by Fed. R. Civ. P. 33 and 34. In addition, Select argues prejudice because, in essence, the litigation will start anew with new parties and new claims, thereby impacting the dispositive motion deadline and trial date. Plaintiffs' response is that the Court should simply extend those dates. However, the Court notes that amending the deadlines is not so simple in the context of this matter.

With the proposed addition of new parties and new theories, an entirely new litigation order would be required to allow the new defendants to participate. U.S. Bank and LeeAnn Clark, in her individual capacity, as well as the "security certificates," were not named initially or in the first Amended Complaint. The litigation would, in essence, be starting anew, as if from day one, so that the new parties will have a full and fair opportunity to participate. Thus, while the three day delay in filing may seem insignificant in the abstract, in the context of this litigation it is prejudicial given the numerous indulgences the Court has allowed Plaintiffs in filing, amending, and pursuing their claims. Defendants should not be required to respond to a continually moving target, and at some point, the litigation must move forward.

Moreover, an existing First Amended Complaint is already on file, and Plaintiffs have proffered no reason why, considering the facts of the case have been known to them

---

[7] The other remaining deadlines are December 31, 2011, for filing dispositive pretrial motions, and July 24, 2012, the commencement of a jury trial.

for over two years, they could not name the new parties previously or assert their new theories of recovery earlier in this litigation. Thus, considering the proposed extension and the new filing in the context of Rule 15's requirement for amending the pleadings, as well as Rule 16's "good cause" standard for amending the scheduling order, the proposed pleading is prejudicial and will result in significant delay in this already protracted litigation. As noted by the Ninth Circuit Court of Appeals, reopening discovery with resulting delay in the proceedings supports a finding of prejudice from a delayed motion to amend. *Robinson v. Twin Falls Hwy. Dist.*, 233 F.R.D. 670, 673 (D. Idaho Mar. 1, 2006), *citing Coleman v. Quaker Oats*, 232 F.3d 1271, 1294—95 (9th Cir. 2000). While a finding of prejudice is not required under Rule 16(b), it is an added consideration in the Court's decision to deny Plaintiffs' motion to amend their complaint to add additional parties and new claims.

In addition to the two motions related to the proposed second amended complaint, Plaintiffs on October 31, 2011, filed a motion to extend the October 31 discovery cut-off date by an additional 120 days, which would delay completion of discovery until the end of February, 2012. Plaintiffs contend that, in anticipation of the Court's granting of their motion to amend their complaint and add new parties, the additional time is necessary to serve the new parties; allow them to respond; allow more discovery; and allow for Defendants' tardy discovery responses. In addition, Plaintiffs represent that should the Court grant their request, Plaintiffs will continue to correct deficiencies in this matter; dismiss defendants that no longer need to be involved; and offer to reconsider mediation

or settlement. (Mot. At 3—4, Dkt. 129.) Plaintiffs stated that Defendant Litton did not oppose the request, but Defendant Select filed a response opposing the extension.

Although Plaintiffs' motion to amend the scheduling order was timely filed before the expiration of the discovery cut-off date, the Court finds that, in light of the above analysis, Rule 16's good cause standard for amending its scheduling order is not satisfied. Plaintiffs do not propose amending either the dispositive motion deadline or the trial date, which would require alteration if Plaintiffs' request were granted. However, the Court has determined that Plaintiffs may not file their proposed Second Amended Complaint, and thus the reasons expressed for Plaintiffs' request to enlarge the discovery cut-off do not apply.

Moreover, the Court can find no good cause based upon Plaintiffs' alternative rationale that they will "correct deficiencies," dismiss defendants that no longer need to be involved, and offer to reconsider mediation or settlement. Plaintiffs made these same representations to the Court when requesting to file their proposed Second Amended Complaint. Contrary to their assertions, no defendants have been dismissed. Instead, Plaintiffs proposed to add defendants. And, contrary to their assertions that the litigation would be expedited, the proposed complaint grew in size, heft, and density. Plaintiffs have failed to proffer any legitimate reasons why, after deadlines to amend the pleadings have passed, disclosure of expert deadlines have passed, and the upcoming dispositive motion deadline is less than a month away, they should be permitted to amend the Court's scheduling order. At all times, Plaintiffs have been aware of the facts and information necessary to assert their claims given that they are seeking to litigate over the

terms of their loan to refinance their residence. Moreover, granting Plaintiffs' motion would unfairly prejudice Defendants in this matter. Finally, the Court notes that none of the parties complied with the Court's order requiring submission of an ADR Plan by September 9, 2011.

The Court is therefore not inclined to amend its case management order considering the lack of good cause to do so, and Plaintiffs' neglect in filing their proposed Second Amended Complaint after the deadline. Accordingly, the Court will deny Plaintiffs' motions for extension and their motion to amend their complaint. The Plaintiffs may proceed based upon their First Amended Complaint, filed on November 19, 2010. (Dkt. 63.)

**2      Motions to Compel (Dkt. 119, 124, 125, 126)**

Rule 37 permits parties, on notice, to move for an order compelling disclosure accompanied by a certification that the movant has, in good faith, conferred or attempted to confer with the person making the disclosure in an effort to obtain it without court action. Fed. R. Civ. P. 37(1)(1); Dist. Idaho L. Rule 37.1. If a party fails to respond at all, the Court may order the disclosure. Fed. R. Civ. P. 37(a)(3). Under the rules, parties have thirty days to respond to discovery requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3). With respect to requests for admissions, a matter is deemed admitted unless an answer or objection is received by the requesting party within thirty days of being served. Fed. R. Civ. P. 36(a)(3).  Dist. Idaho L. Rule 37.2 sets forth that any discovery motion filed pursuant to Fed. R. Civ. P. 26 and 37 must include "a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the

motion." In addition, the party filing the motion "must specify separately and with particularity each issue that remains to be determined at the hearing, and the contentions and points and authorities of each party as to each issue."

Plaintiffs filed their first Motion to Compel, (Dkt. 119), upon Defendants Ownit and Litton, on September 15, 2011. That motion was not accompanied by the requisite certification, nor did it comply with Local Rule 37.2, because it did not include copies of the discovery requested. Accordingly, Plaintiffs' Motion to Compel, (Dkt. 119), will be denied.

Recognizing their error, Plaintiffs on October 20, 2011, filed a second motion to compel discovery, this time seeking to compel only Defendant Litton to respond to Plaintiffs' discovery requests. Plaintiffs' second motion did include the required certification and copies of the discovery requests. (Dkt. 124.) The Court finds that Plaintiffs did attempt to confer with counsel for Litton to obtain responses to the discovery requests. According to Plaintiffs' motion, Litton did not respond to any of the discovery requests.

Similarly, Plaintiffs filed two additional motions seeking to compel Defendant MERS and Defendant Ownit for their respective failures to respond to Plaintiffs' discovery requests. Additionally, Plaintiffs request the Court to deem their requests for admission served upon MERS admitted because MERS failed to provide any response at all. Again, Plaintiffs included the requisite certification that they attempted to confer with

opposing counsel to obtain the necessary discovery responses.[8] As with Litton, Plaintiffs

represent that neither Ownit nor MERS responded to their requests.

Neither Litton, Ownit, or MERS responded to the motions to compel. Absent any

response to the motions, the Court finds that the motions should be granted. To the extent

none of the Defendants have responded to the discovery requests, they are ordered to do

so. As for MERS failure to respond to Plaintiffs' request for admissions, the Rule

provides that the matters are deemed admitted without the need for a court order. *See*

Fed. R. Civ. P. 36(a)(3) (providing that a matter is deemed admitted unless a written

answer or objection is received within 30 days after being served).

**3      Motion for Default (Dkt. 95)**

Plaintiffs filed their motion for default against Defendant Discover Lending

Group, aka Discover Mortgage, on May 24, 2011, on the grounds that, after Discover's

attorney withdrew, Defendant Discover did not file written notice with the Court stating

how and by whom it would be represented. (Dkt. 95-1 at 2.) Thereafter, Discover, by and

through its representative, Lee Ann Clark, filed a notice indicating that it wished to

represent itself pro se. (Dkt. 98.) Plaintiffs then filed a pleading representing Discover

was the assumed business name of L.C. Lending Corporation. (Dkt. 99.) Based upon Ms.

Clark's and Plaintiffs' submissions, it was unclear to the Court the legal basis upon which

---

[8]   The Court generally requires litigants to meet and confer in person to resolve their discovery disputes. However, in this case, the Plaintiffs represented that they conferred by telephone, and Defendants' respective counsel indicated that they had contacted their clients but no responses from them had been forthcoming. Moreover, the parties had the opportunity to discuss discovery issues during the voluntary case management conference that was held on August 12, 2011, which was conducted after Plaintiffs had already served their discovery requests. The minutes indicate that the parties "agreed on some informal discovery." (Dkt. 113.) Under the circumstances, the Court fails to see how an additional in-personal meeting would have been productive.

default judgment could be issued against Discover Lending Group, or whether Ms. Clark could represent Discover Lending Group pro se because Discover Lending Group was an assumed business name of some other person or legal entity. The Court therefore required Ms. Clark to file an affidavit explaining the relationship between herself, L.C. Lending Corporation, Discover Mortgage, and Discover Lending Group at the time Plaintiffs executed the loan documents described in the First Amended Complaint. (Order, Dkt. 102.) Ms. Clark timely filed an affidavit on July 7, 2011. (Dkt. 109.)

The First Amended Complaint names Discover Lending Group, aka Discover Mortgage, as a defendant. The pleadings describe Discover as "a company . . . engaged in the business of mortgage brokering and mortgage lending." (Am. Compl. ¶ 19, Dkt. 63.) In Discover's Answer, it "admits [Discover] was a company existing within the State of Idaho and engaged in the business of mortgage lending." (Ans. ¶ 8, Dkt. 74.) However, Ms. Clark's response to the Motion for Entry of Default simply described Discover Lending Group as a "business entity," without identifying the type of entity it was.

According to the Idaho Secretary of State's Office website, Discover Lending Group is simply an assumed business name of L.C. Lending Corporation.[9] Ms. Clark explained that L.C. Lending Corporation was the entity doing business as Discover Mortgage Company, and later as Discover Lending Group. (Aff. of Clark ¶ 9, Dkt. 109.) But, as of December 31, 2009, L.C. Lending Corporation was administratively dissolved.

---

[9] The Idaho Secretary of State's website can be accessed at http://www.sos.idaho.gov. Discover Lending Group's business records are readily accessed via the Secretary of State's Business Entity Search feature, and are found at the following URL: http://www.accessidaho.org/public/sos/corp/D45856.html

Pursuant to Fed. R. Evid. 201(b) and (c), the Court takes judicial notice of the records on file with the Idaho Secretary of State and accessible through its public website and database.

(Aff. of Clark ¶ 8, Dkt. 109.)  The Court notes that Plaintiffs attempted to "join" L.C.

Lending Corporation and "correct" its Motion for Entry of Default by way of a motion

filed on June 6, 2011. (Dkt. 99.) But the Court's Order entered on June 7, 2011, explained

that the relief sought by Plaintiffs' motion was not permissible under the Federal Rules of

Civil Procedure, and the Court denied Plaintiffs' request. (Dkt. 101.) Accordingly, L.C.

Lending Corporation was never named as a party in this matter.

Rather, Plaintiffs named Discover Lending Group, an assumed business name of

L.C. Lending Corporation, in their First Amended Complaint. Assumed business names

are governed by The Assumed Business Names Act of 1997, Idaho Code §§ 53-501 et.

seq. Under Idaho Code § 53- 503(1)(a), an Assumed Business Name is a name under

which a legal entity does business, but it is not the legal entity's "true name" under which

it was organized and registered with the State. Because an assumed business name is

nothing more than another name for a recognized legal entity, an assumed business name

is not a separate entity in its own right. Accordingly, even if named as a party, the court

does not treat an assumed business name as an additional party. *Salazar v. Tilley*, 716 P.

2d 1356, 1357 n.1 (Idaho Ct. App. 1986). Therefore, Discover Lending Group is not an

actual, recognized "entity" or party subject to suit.  Because Discover Lending Group,

aka Discover Mortgage, is merely an assumed business name, Discover Lending Group is

not an entity subject to suit and therefore is not a party in this litigation. Fed. R. Civ. P.

55(a), however, restricts defaults to "parties." Accordingly, Rule 55(a) does not apply to Discover Lending Group, and Plaintiffs' motion for default judgment will be denied.[10]

## CONCLUSION

As is said in theater, the show must go on. Plaintiffs have been given ample opportunity and direction from the Court, as well as the opportunity to consult with pro bono counsel, to proceed with their lawsuit. Plaintiffs filed their proposed Second Amended Complaint late. A First Amended Complaint is already on file. For the reasons discussed above, the Court will deny the relief requested by Plaintiffs that seeks to add additional parties, add new theories of recovery, extend the deadlines, and allow the late filing of the proposed Second Amended Complaint.

The Court will grant Plaintiffs' motions to compel. Defendants, to the extent they have not already done so, are ordered to respond to Plaintiffs' discovery requests. Considering the discovery deadline was October 31, 2011, and Defendants sought no extension of the deadline, Defendants are ordered to comply no later than November 23, 2011, with this Order.

---

[10] In addition, the Court notes that Plaintiffs' proposed Second Amended Complaint sought to name "Lee Ann Clark as individual and as President, CEO and Agent for Discover Lending Group 'DLG' aka and fka Discover Mortgage Co." (Mot. ¶3, Dkt. 123.) After Plaintiffs filed their motion to "correct" their motion for default, (Dkt. 99), Plaintiffs never sought to amend their complaint to name L.C. Lending Corporation as a party.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Motion (Request) for Entry of Default Against Discover Lending Group aka Discover Mortgage (Dkt. 95) is **DENIED.**

2) Motion to Compel (Dkt. 119) is **DENIED.**

3) Motion for Extension of Time to File Second Amended Complaint (Dkt. 120) is **DENIED.**

4) Motion to Amend Complaint (Dkt. 123) is **DENIED.**

5) Motion to Compel upon Defendant Litton Loan Servicing, LP (Dkt. 124) is **GRANTED**.

6) Motion to Compel and Admissions Deemed Admitted upon Defendant Mortgage Electronic Registration Systems, Inc. (Dkt. 125) is **GRANTED.**

7) Motion to Compel upon Defendant Ownit Mortgage Solutions (Dkt. 126) is **GRANTED**.

8) Motion for Enlargement of Time for Litigation Plan Discovery Cut-Off Date (Dkt. 129) is **DENIED.**

Dated: **November 16, 2011**

Honorable Candy W. Dale
United States Magistrate Judge