UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL P. O'BANION and PATRICIA R. BRADLEY,<br><br>                Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICES, INC.; LITTON LOAN SERVICING LP; JUST LAW, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DISCOVER LENDING GROUP; OWNIT MORTGAGE SOLUTIONS, INC.,<br><br>                Defendants. | Case No. 1:09-cv-00249-EJL-CWD<br><br>**ORDER RE: DKT. 133**<br>               **DKT. 134**<br>               **DKT. 145**<br>               **DKT. 146**<br>               **DKT. 160**<br>               **DKT. 188**<br><br>**REPORT AND RECOMMENDATION RE:**  **DKT. 162**<br>               **DKT. 166**<br>               **DKT. 167** |

## INTRODUCTION

The Court has before it several pending motions, listed above.[1] The matter has been stayed due to Defendant Ownit Mortgage Solutions, Inc.'s notice of bankruptcy filing, which notice was filed on December 31, 2011. The Notice prompted Plaintiffs to

---

[1] The motions are ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record before this Court without oral argument. Dist. Idaho L. Rule 7.1(d).

**ORDER - 1**

file a voluntary dismissal of Ownit. To ensure Plaintiffs understood the consequences of that action given their pro se status, the Court on February 8, 2012, stayed this matter pursuant to 11 U.S.C. § 362 and ordered the parties to attend a case management conference with the Honorable Larry M. Boyle. Judge Boyle conducted the conference on February 8, 2012, and reported on March 16, 2012, that Plaintiffs are aware of the consequences of proceeding with their lawsuit without Ownit as a defendant. (Dkt. 186.) Accordingly, the matters above are ripe for the Court's review.

## DISPOSITION[2]

**1.      Motions Regarding  Ownit Mortgage Solutions, Inc. (Dkt. 146, 160, 166)**

The Court has before it several motions related to Defendant Ownit Mortgage Solutions, Inc., which include the following: (1) Motion for Sanctions (Dkt. 146); (2) Motion to Withdraw (Dkt. 160); and (3) Motion for Voluntary Dismissal (Dkt. 166). Although this litigation commenced on May 22, 2009, Counsel for Ownit represented to the Court for the first time on December 19, 2011, that Ownit had filed for bankruptcy and its bankruptcy case was still pending.[3] Although Counsel represented that he only recently had "become aware" that Ownit filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 28, 2006, the record before this Court belies Counsel's assertion. The Court concluded that 11 U.S.C. § 362 of the Bankruptcy Code applied, and that this matter should have been stayed since its inception until Plaintiffs sought stay relief from the Bankruptcy Court. (Dkt. 181 at 3.)

---

[2] The Court recited the background to these matters in its February 8, 2012 Order, (Dkt. 181).
[3] The Court's February 8, 2012 Order (Dkt. 181) explains in more detail the facts behind the bankruptcy revelation.

**ORDER - 2**

Plaintiffs chose to file a motion on January 3, 2012, seeking dismissal of Ownit, (Dkt. 166), rather than request and obtain stay relief from the Bankruptcy Court where Ownit's bankruptcy case remains pending. Ownit filed a notice of non-opposition to Plaintiff's motion. (Dkt. 171.) In light of Judge Boyle's report that Plaintiffs are aware of the consequences of dismissal, the Court orders that the stay be lifted,[4] and Defendant Select Portfolio Services' motion (Dkt. 188) requesting the same relief be granted. Consequently, the Court recommends Plaintiffs' motion for dismissal of Ownit be granted, and in light of Ownit's dismissal, Counsel's motion for withdrawal may be deemed moot.

With respect to the Motion for Sanctions, Plaintiffs sought sanctions pursuant to Fed. R. Civ. P. 26 and 37 for Ownit's failure to respond to discovery. (Dkt. 146.) The Court granted Plaintiff's motion to compel on November 16, 2011, (Dkt. 126), and despite being ordered by the Court to produce the requested documents, Plaintiffs represented that Ownit never responded. (Dkt. 131, 146.) Counsel represented that Ownit's failure to respond to Plaintiffs' discovery requests was not the result of a deliberate scheme to delay or frustrate Plaintiffs in their efforts to obtain relief from the Court. Rather, counsel explained that Ownit did not respond due to Counsel's inability to communicate with his own client, in turn caused by the bankruptcy proceeding. (*See* Response, Dkt. 155.)

---

[4] Although the automatic stay of Section 362 of the Bankruptcy Code generally prohibits the Court from entering orders that would affect Ownit, it is only to the extent that such an order would violate Section 362(a). Because the dismissal would end the continuation of this action against Ownit, the order is not inconsistent with Section 362(a).

**ORDER - 3**

While Counsel's representations may be true, more troubling is the revelation, over two years after this case began, that Ownit was a debtor in bankruptcy and had been since 2006. Needless motions related to Ownit could have been averted had this fact been made known to the Court. Moreover, the record before this Court reveals that Counsel for Ownit knew as early as July 14, 2011, if not sooner from its contacts with Litton, (*see* Dkt. 155), that Ownit had filed for bankruptcy. Compounding the situation, Counsel at no time, even in response to Plaintiffs' motion to compel, informed this Court of its difficulty or inability to contact an Ownit representative so that Ownit could respond to Plaintiffs' discovery requests. In fact, Ownit failed to file a response to Plaintiffs' Motion to Compel. (Dkt. 131 at 17.) Meanwhile, this Court entered orders directly affecting Ownit in contravention of 11 U.S.C. § 362(a).

Fed. R. Civ. P. 37(a)(5) permits this Court, after giving an opportunity to be heard, to require the party or attorney to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting to obtain the discovery without court action; the nondisclosure was substantially justified; or other circumstances make an award of expenses unjust. In the instant case, none of the exceptions apply. Fed. R. Civ. P. 37(b)(2) further permits the Court to impose sanctions for not obeying a discovery order, which may include treating as "contempt of court the failure to obey any order." Plaintiffs represented they "made consistent effort through phone calls, email and letter," which representations Ownit's counsel did not refute. (Dkt. 146.) Ownit did not respond to the motion to compel. And then, Counsel's excuse was only that he did not have a contact with whom to correspond,

**ORDER - 4**

because his primary point of contact was Litton, Ownit's predecessor in interest. The waste of judicial resources caused by Counsel's lack of diligence in this matter is inexcusable.

Because of the bankruptcy proceeding and the mandate of 11 U.S.C. § 362(a), this Court cannot impose sanctions upon Ownit. And considering Plaintiffs are appearing pro se, the imposition of their attorney fees and costs is similarly ineffective. But the Court can impose sanctions upon the attorneys who undertook the task of representing Ownit before this Court. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii); Dist. Idaho L. Rule 83.5(b). *See also* 28 U.S.C. § 1927.[5] Although the Court finds that Counsel's conduct does not rise to the level of bad faith and vexatiousness, candor to this Court was lacking considering Counsel knew, or with more diligence should have known, of his client's bankruptcy filing long before December of 2011, and should have considered the implications of the automatic stay. In addition, Counsel's failure to respond to Plaintiffs' Motion to Compel, as well as to this Court's Order granting the motion, is yet another instance of Counsel's cavalier attitude toward this Court. If Counsel incurred problems communicating with his client, the Court certainly was not informed, nor were Plaintiffs.[6]

Accordingly, the Court concludes that sanctions upon Counsel for Ownit are warranted pursuant to Fed. R. Civ. P. 37(a)(5) and (b)(2). The Court therefore imposes a $1,000.00 sanction, to be paid to the Clerk of Court.

---

[5] 28 U.S.C. § 1927 states that the Court may require an attorney or other person "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

[6] The Court gave Counsel an opportunity to discuss the merits of sanctions for his conduct during the Case Management Conference with Judge Boyle. (*See* Dkt. 181, 186.) No agreement was reached. (Dkt. 186.)

**ORDER - 5**

2.  **Motions Regarding Mortgage Electronic Registration Systems, Inc. (MERS), (Dkt. 134, 145)**

The same Counsel for Ownit failed to fulfill his obligations to the Court with respect to his firm's representation of Defendant MERS. The Court set forth the background and facts relating to MERS's Motion to Withdraw or Amend Deemed Admissions, (Dkt. 134), and Plaintiffs' Motion for Sanctions, (Dkt. 145), in its February 8, 2012 Order, and required Counsel to discuss the failure to respond to Plaintiffs' requests for admissions at the Case Management Conference with Judge Boyle. Again, no resolution appears to have been reached.

The problem stems from the Routh firm's failure to follow through and to discern whether the Routh firm or Ringert Law firm would undertake representation of MERS. An initial set of Requests for Admission was served upon the Ringert Law firm, which was forwarded to Counsel at the Routh firm on or about July 14, 2011. Counsel answered the first set of requests. On August 31, 2011, Plaintiffs served a second set of Requests for Admission and Requests for Production upon Counsel for MERS in care of the Routh Firm. Counsel did not respond. In response to Plaintiffs' Motion for Sanctions, Counsel's excuse was that he failed to appreciate that the second set of discovery requests was, in fact, different than the first set of Requests for Admission and production of documents he received on or about July 14, 2011. MERS requested relief from Fed. R. Civ. P. 36(a)(3), which operated to deem the matters admitted upon MERS's failure to answer.

The Court again iterated its displeasure at Counsel's cavalier attitude toward his role in this litigation, and his representation that only Requests for Admission 27 through

**ORDER - 6**

35 were not duplicative of the first set that he did answer on behalf of MERS. The Court examined the discovery requests, and not only discerned the requests were different, but also found that request numbers 1, 3, 4, 5, 6, 13, 14, 16, 27, 28, 31, 32, 33, 34, 35, 36, and 37 in the second set of requests for admission had no identical counterpart in the first set of requests for admission.

Considering the parties already submitted briefs and affidavits in support of their respective motions for summary judgment, (Dkt. 168, 176, 159), the Court is not inclined to allow MERS to answer the second set of requests for admission. At this juncture, to the extent Plaintiffs in their motion for summary judgment have relied upon the admissions, allowing MERS to withdraw its admissions would not promote the timely presentation of the merits for decision, and there has been no showing that MERS would be prejudiced in maintaining or defending the action on the merits if not allowed to answer the second set of Requests for Admission. The Court fails to discern prejudice considering MERS filed its own motion for summary judgment on December 30, 2011. (Dkt. 159.) Accordingly, the Court denies MERS's requested relief under Fed. R. Civ. P. 36(b).

However, only request numbers 1, 3, 4, 5, 6, 13, 14, 16, 27, 28, 31, 32, 33, 34, 35, 36, and 37 in the second set of requests for admission are deemed admitted, as the other requests had identical counterparts in Plaintiffs' first set of requests, which were answered. It would circumvent the rules to allow litigants to propound serial requests for admission in the hopes that the opposing party would fail to answer one or another set, and thereby have the matters deemed admitted despite a previous answer.

**ORDER - 7**

As for Plaintiffs' motion for sanctions, for the same reasons expressed above, the Court will impose a monetary sanction upon Counsel for MERS, specifically the Routh firm. One phone call should have sorted out which firm was to represent MERS, and more than a perfunctory glance at the second set of discovery requests would have alerted Counsel that the discovery requests were different than the first set he did answer. In addition, Plaintiffs assert they called the Routh firm to inquire when the discovery responses were forthcoming. To the extent the discovery requests were duplicative, it would have been an easy task to respond by referring to the answers submitted previously. The Court cannot condone Counsel's conduct, and therefore imposes a $500.00 sanction, to be paid to the Clerk of Court.

3. **Motions Regarding Defendant Just Law, Inc. (Dkt. 167, 162)**

Plaintiffs moved to voluntarily dismiss Defendant Just Law, Inc. without prejudice on January 3, 2012. Plaintiffs represented that their focus should be on the other defendants in this action. Prior to Plaintiffs' motion, Defendant Just Law had filed a motion for summary judgment. (Dkt. 162.) Finding good cause, the Court recommends that Plaintiffs' Motion to Dismiss (Dkt. 167) should be granted, and Defendant's Motion for Summary Judgment, (Dkt. 162), be deemed moot.

4. **Motion to Compel Defendant Select Portfolio Services, Inc. (Dkt. 133)**

Plaintiffs filed a motion to compel on November 22, 2011, representing that Defendant Select had failed to respond to their discovery requests propounded on September 23, 2011. On December 1, 2011, Select filed its response, indicating that it had now complied and provided the appropriate responses to the referenced discovery.

**ORDER - 8**

(Response, Dkt. 143.) Plaintiffs then filed a Motion to Overrule Objections on December 15, 2011. (Dkt. 152). Plaintiffs purported to object to Select's discovery responses, and submitted a compact disc containing 1,418 pages of documents.

The Court explained in its Order issued on December 16, 2011, that it was not the Court's role to sift through the documents and determine whether the responses were adequate. It therefore denied Plaintiffs' Motion.

Considering Defendant Select did respond to the discovery requests and both parties have since filed motions for summary judgment, the matter is now moot.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Motion to Vacate Stay (Dkt. 188) is **GRANTED** and the Stay imposed by 11 U.S.C. § 362(a) and the Court's Order (Dkt. 181) is lifted;

2) Motion to Compel (Dkt. 133) is **DENIED as MOOT**.

3) Motion to Withdraw or Amend Deemed Admissions (Dkt. 134) is **DENIED**.

4) Motion for Sanctions Re: Mortgage Electronic Registration Systems, Inc. (Dkt. 145) is **GRANTED**. Counsel is ordered to pay to the Clerk of the Court the sum of $1,000.00 within ten (10) days of the Court's order

5) Motion for Sanctions Re: Ownit Mortgage Solutions, Inc. (Dkt. 146) is **GRANTED**. Counsel is ordered to pay to the Clerk of the Court the sum of $500.00 within ten (10) days of the Court's order.

6) Motion to Withdraw as Attorney for Defendant Ownit Mortgage Solutions, Inc. (Dkt. 160) is deemed **MOOT**, in light of the Motion to Dismiss Defendant Ownit Mortgage Solutions, Inc. (Dkt. 166).

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) Motion to Dismiss Defendant Ownit Mortgage Solutions Inc. (Dkt. 166) be **GRANTED**.

2) Motion to Dismiss Defendant Just Law Inc. (Dkt. 167) be **GRANTED**.

3) Motion for Summary Judgment for Defendant Just Law Inc. (Dkt. 162) be deemed **MOOT**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **July 16, 2012**

Honorable Candy W. Dale
United States Magistrate Judge